# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:01-cr-148
    CHIEF JUDGE EDMUND A. SARGUS, JR.

ROBERT ROBINSON II,

    Defendant.

---

IN RE: SUBPOENA SERVED UPON
        UNITED STATES PROBATION DEPARTMENT

## OPINION AND ORDER

In October 2018 , United States Probation Officer ("U.S.P.O.") Helwa Qasem was served a subpoena to testify on December 16, 2018, at the trial of Robert L. Robinson II, who is being tried for possession of drugs in the Madison County, Ohio, Court of Common Pleas. For the reasons set forth below, the Court **QUASHES** that subpoena.

### I.

The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the testimony of judicial personnel in legal proceedings. Those procedures, outlined in Volume 20, Chapter 8 of the *Guide to Judiciary Policy* (the "*Guide*"), have been adopted by this Court in its local criminal rules. *See* S.D. Ohio Crim. R. 32.3(b).

Federal judicial personnel may not provide testimony of the type that is the subject of the subpoena issued to U.S.P.O. Qasem except as authorized in accordance with the regulations set forth in Volume 20, Chapter 8 of the *Guide*. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 820(a); *see also In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 799 (S.D. Ohio 2015) (restating the *Guide*'s general prohibition on testimony and record production in legal proceedings).[1] Under Volume 20, Chapter 8 of the *Guide*, "Judicial Personnel" are defined broadly such that they include probation officers. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.30. The *Guide* defines testimony to include "personal appearances and statements in court or at a hearing or trial."

A request for testimony from judicial personnel "shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony . . . or by counsel for the party." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The statement or affidavit must contain an explanation of the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony are not readily available from other sources or by other means. *Id.* "This explanation shall contain sufficient information for the determining officer [as identified below] to determine whether or not federal judicial personnel should be allowed to testify." *Id.* If the request lacks a sufficient explanation, the determining officer may deny the request or ask that the requester provide additional information. *Id.*

Judicial personnel may not provide testimony in legal proceedings without the prior

---

[1] Among other exceptions, the provisions outlined in Volume 20, Chapter 8 of the *Guide* do not apply to "[r]equests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.40(b)(7).

2

approval of a "determining officer." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 840(a). As to requests directed to an employee of a court office such as the Probation Office, the determining officer is the unit head of the particular office. *Id.* § 840(b)(3). If a request is directed to a court office, the determining officer shall consult with the Chief District Judge regarding the proper response to the request. *Id.*; *see also* S.D. Ohio Crim. R. 32.3(c).

The determining officer may deny a request if the request does not meet any requirement imposed by Volume 20, Chapter 8 of the *Guide*. *Id.* Moreover, when determining whether to authorize the testimony of judicial personnel in legal proceedings, "the determining officer will consider, based on [several enumerated] factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.* If, after considering the factors and the other requirements set forth in Volume 20, Chapter 8 of the *Guide*, the determining officer decides that the judicial personnel should not comply with the request, the judicial personnel should notify the requester of the *Guide*'s procedures and respectfully decline to comply with the request. *Id.* § 850(b).

## II.

In May of 2018, U.S.P.O. Qasem received a subpoena to testify in the case of State of Ohio v. Robert L. Robinson II. The Madison County Common Please Court issued the subpoena requesting that she appear as a witness in the trial that had been scheduled for June 19, 2018. This Court quashed that subpoena. (ECF No. 227.) U.S.P.O. Qasem provided the prosecutor a copy of the federal Judgment and Commitment Order as a means of verifying Mr. Robinson's federal conviction and supervision status. In October 2018, U.S.P.O. Qasem received a second subpoena.

3

After reviewing the required portions of the *Guide* and consulting with the Chief United States Probation Officer, the Court concludes that U.S.P.O. Qasem shall not comply with the state court subpoena. The Court contacted the state court prosecutor and he failed to return the call.

The Court shall not permit U.S.P.O. Qasem to testify pursuant to this subpoena because it was not issued in accordance with the requirements established in Volume 20, Chapter 8 of the *Guide*. The subpoena did not set forth, or contain an affidavit setting forth, an explanation of the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony sought, or the information contained therein, are not readily available from other sources or by other means. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The subpoena did not "contain sufficient information for the determining officer to determine whether or not [U.S.P.O. Qasem] should be allowed to testify." *Id.*

Reinforcing the Court's decision is the policy underlying the Probation Office's collection and maintenance of information. Probation Office policy explains that

> [c]onfidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer. Disclosure of pretrial services information for purposes other than for the determination of pretrial release deters defendants from cooperating with pretrial services officers. The officers' ability to collect information is adversely affected by too closely identifying the officers with parties requesting the disclosure.
>
> The reasons for maintaining the confidentiality of pretrial, probation and supervised release supervision records are as compelling. In order to obtain complete and accurate information about the conduct and condition of defendants and offenders under supervision to ensure they are in compliance with the court's orders; in order to monitor their activities to determine if conditions of supervision or release should be modified, and; in order to better assist in providing correctional treatment in the rehabilitation process of offenders, probation and pretrial services officers must be able to get information. Only with confidentiality will the offender and others be likely to openly share information of these kinds.

4

*Policy Statement Re: Probation and Pretrial Services Records and State Court Subpoenas of Probation and Pretrial Services Officers* 2 (2005). And, while the state court prosecutor indicated that he did not intend to inquire into these confidential records, he has no way of limiting what may be inquired into during cross examination.

In addition, there are no factors set forth in the *Guide* that weigh in favor of U.S.P.O. Qasem providing the requested testimony.

### III.

For the reasons stated above, the Court **QUASHES** the subpoena, and U.S.P.O. Qasem shall not testify in the state criminal matter described above.

**IT IS SO ORDERED.**

12-4-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**